UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FORTUNE AIKOROGIE, a/k/a<br>IMUETINYAN AIKOROGIE, a/k/a<br>FORTUNE AIKORIOGIE, a/k/a<br>IMUETINYAN AIKORIOGIE,<br><br>Defendant | Criminal No. 19cr10085<br><br>Violations:<br><br>Count One: False Statement to a Bank<br>(18 U.S.C. § 1014)<br><br>Counts Two - Six: Money Laundering<br>(18 U.S.C. § 1956(a)(1)(B)(i))<br><br>Count Seven: Passport and Visa Fraud<br>(18 U.S.C. § 1546(a))<br><br>False Statement Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2)(A))<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

SEALED

INDICTMENT

1

## COUNT ONE
False Statement to a Bank
(18 U.S.C. § 1014)

The Grand Jury charges:

On or about September 28, 2016, at Dracut, in the District of Massachusetts, the defendant,

FORTUNE AIKOROGIE,
a/k/a IMUETINYAN AIKOROGIE,
a/k/a FORTUNE AIKORIOGIE,
a/k/a IMUETINYAN AIKORIOGIE,

did knowingly make a false statement and report for the purpose of influencing the action of TD Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with an application to open a checking account, in that the defendant falsely represented that he was a person named T.C.

All in violation of Title 18, United States Code, Section 1014.

## COUNTS TWO THROUGH SIX
## Money Laundering
## (18 U.S.C. § 1956(a)(1)(B)(i))

The Grand Jury further charges:

On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

**FORTUNE AIKOROGIE,**
a/k/a IMUETINYAN AIKOROGIE,
a/k/a FORTUNE AIKORIOGIE,
a/k/a IMUETINYAN AIKORIOGIE,

did knowingly conduct and attempt to conduct financial transactions as set forth below, knowing that the property involved in each such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity:

| Count | Date | Description |
|---|---|---|
| 2 | 10/5/16 | Wire transfer in the amount of $10,000 from the Compass Bank account of Victim 1 in Texas to TD Bank account no. xxxxxx5952 in the name of T.C. |
| 3 | 10/6/16 | Wire transfer in the amount of $2,000 from the Compass Bank account of Victim 1 in Texas to TD Bank account no. xxxxxx5952 in the name of T.C. |
| 4 | 10/24/16 | Wire transfer in the amount of $21,500 from the Compass Bank account of Victim 1 in Texas to TD Bank account no. xxxxxx5952 in the name of T.C. |
| 5 | 11/1/16 | Wire transfer in the amount of $21,500 from the Compass Bank account of Victim 1 in Texas to TD Bank account no. xxxxxx5952 in the name of T.C. |
| 6 | 12/15/16 | Wire transfer in the amount of $20,500 from the Wells Fargo Bank account of Victim 2 in Texas to TD Bank account no. xxxxxx5952 in the name of T.C. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>COUNT SEVEN</u>
Passport and Visa Fraud
(18 U.S.C. § 1546(a))

The Grand Jury further charges:

On or about December 21, 2016, at Lawrence, in the District of Massachusetts, the defendant,

FORTUNE AIKOROGIE,
a/k/a IMUETINYAN AIKOROGIE,
a/k/a FORTUNE AIKORIOGIE,
a/k/a IMUETINYAN AIKORIOGIE,

did knowingly possess a Zimbabwean passport in the name of T.C., and a nonimmigrant visa in the name of T.C., both of which the defendant knew to be forged, counterfeited, altered, and falsely made.

All in violation of Title 18, United States Code, Section 1546(a).

# FALSE STATEMENT FORFEITURE ALLEGATION
## (18 U.S.C. § 982(a)(2)(A))

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1014, set forth in Count One of this Indictment, the defendant,

> FORTUNE AIKOROGIE,
> a/k/a IMUETINYAN AIKOROGIE,
> a/k/a FORTUNE AIKORIOGIE,
> a/k/a IMUETINYAN AIKORIOGIE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as the result of such offense.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1956, set forth in Counts Two through Six of this Indictment, the defendant,

FORTUNE AIKOROGIE,
a/k/a IMUETINYAN AIKOROGIE,
a/k/a FORTUNE AIKORIOGIE,
a/k/a IMUETINYAN AIKORIOGIE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a. $75,500, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
CHRISTINE J. WICHERS
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: MARCH 7, 2019
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK     3/7/19

SEALED

8